UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOEBIUS,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>TONY CARNEVALE; DESERT ART, LLC d/b/a CARNEVALE GALLERY; CAESARS ENTERTAINMENT, INC; and DOES 1 through 10 inclusive,<br><br>　　　　　　　　　Defendant. | Case No. 2:21-cv-00970-ART-VCF<br><br>ORDER |

　　　　Before the Court are two motions to dismiss for untimely service, one filed by Defendant Caesars Entertainment, Inc.'s ("Caesars") (ECF No. 10) and another filed by Defendant Tony Carnevale and Desert Art, LLC d/b/a Carnevale Gallery's ("Carnevale Gallery") (ECF No. 12). Because this Court finds that the untimely service of the Complaint was attributable, at minimum, to excusable neglect, it exercises its discretion to retroactively extend the time for service and denies both motions.

　　　　Plaintiff Moebius brings a copyright infringement action against Caesars, Carnevale Gallery, and Carnevale. (ECF No. 1) According to the Complaint, Moebius is a visual artist who between 2017 and 2018 was a party to a consignment agreement with Carnevale Gallery, allowing it to display and sell his work, including an image that is registered with the United States Copyright Office. After the agreement terminated, Carnevale Gallery was no longer authorized to sell Moebius's work. In late 2019, Moebius received a photograph showing a counterfeit version of the registered image and his representative

confirmed that that Carnevale Gallery was displaying and selling the counterfeit image. Moebius alleges that he has a basis to believe that the Defendants have infringed additional works.

Moebius filed the Complaint on May 20, 2021 (ECF No. 1), but he did not serve Defendants within 90-days. On August 24, 2021, the Court issued a Notice regarding Intention to Dismiss Pursuant to Rule 4(m) (ECF No. 6) and provided Moebius until September 23, 2021, to file the proof of service showing that service had been made before "the expiration of the time limit set forth in Fed. R. Civ. P. 4(m)." *Id.* The notice further advised that Moebius must show good cause for any delay in service and that failure to comply with the notice may result in dismissal of the action without prejudice. *Id.* Moebius complied with the notice, showing that he served Caesars Entertainment Inc. on September 15, 2021 (ECF No. 7) and Tony Carnevale and Desert Art, LLC on September 16, 2021. (ECF Nos. 8 and 9.)

Defendants moved to dismiss arguing that Moebius failed to show good cause or excusable neglect justifying the untimely service of the Complaint. (ECF Nos. 10 and 12.) Federal Rule of Civil Procedure 4(m) offers two avenues of relief for a plaintiff, like Moebius, who misses the service deadline: The rule mandates an extension of time for plaintiffs who show good cause and authorizes an extension of time even in the absence of good cause where a plaintiff demonstrates excusable neglect. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir.2009). Thus, a plaintiff can preserve his original filing date for a complaint by satisfying one of two standards: good cause or excusable neglect. *Id.* Good cause is a more demanding standard in that it requires that (1) the defendant received actual notice of the lawsuit, (2) the defendant would suffer no prejudice, and (3) the plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* (*citing Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)). Excusable neglect can rise to the level of good cause, forcing a mandatory

extension of time, if accompanied by the three good cause conditions (actual notice, lack of prejudice to the defendant, and severe prejudice to the plaintiff). *Lemoge*, 587 F.3d at 1198. Absent those conditions, a court can exercise its discretion to extend the service deadline based on excusable neglect attributable to negligence. *See Lemoge*, 587 F.3d at 1192. To determine when neglect is excusable, courts conduct the equitable analysis specified in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993), by examining at least four factors: (1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith." *Lemoge*, 587 F.3d at 1192 (internal citation and quotation marks omitted); *Pioneer*, 507 U.S. at 395.

Moebius has carried his burden of establishing, at minimum, excusable neglect for the delayed service. Moebius's attorney, Mathew Higbee, explains that he delegates handling service of process to his paralegal, Ms. Ramirez. Around the time the Complaint was filed, Ms. Ramirez had a family member die from COVID-19 and took bereavement leave. Mr. Higbee first became aware that his paralegal had not handled service of the Complaint when he saw the notice issued by the Court. He asked of Ms. Ramirez whether she had handled service upon her return and she advised she had not. He instructed her to do so, and she did so within a few weeks. (ECF No. 14-1.) The reason for the delay and the good faith of Plaintiff's counsel (the third and fourth *Lemoge* factors) establish excusable neglect. Though meeting deadlines is always the ultimate responsibility of the attorney, it common to delegate tasks such as coordinating service of process to support staff and the Court accepts the representations of Moebius's counsel and his expression of contrition.

While there is some risk of prejudice to Defendants (the first *Lemoge* factor), the length of the service delay and its potential impact on the

proceedings (the second factor) appear to be limited. Defendants, who were served less than one month past the 90-day deadline, represent that the art gallery where the images are alleged to have been displayed was relocated sometime after the filing date and before they were served date. Since then, the old gallery location has been renovated and now is occupied by a new tenant. Defendants argue that the relocation may prejudice them because the evidence of exactly what was displayed, and where, cannot be recreated and the only images of the supposed conduct are the ones selected by Moebius. (ECF No. 12 at 7.) It is unclear how prejudicial the relocation is, especially considering the availability of other evidence, including witness testimony and records.

Finally, Moebius could be severely prejudiced if his complaint were dismissed because he faces a three-year statute of limitations for copyright actions. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.,* 971 F.3d 1042, 1047 (9th Cur. 2020) (citation omitted)(explaining that a copyright infringement claim accrues "when a party discovers, or reasonably should have discovered, the alleged infringement"). According to the Complaint, Moebius discovered the alleged infringement in "late 2019" (ECF No. 1 at 4.) At this stage in the proceeding there has been no conclusive resolution of the exact date the statute of limitations began to run, though there is at least some risk of prejudice due to dismissal for Mobius because any re-filed action may be time-barred.

Because Moebius has carried his burden of establishing, at minimum, excusable neglect for the failure to timely serve Defendants, the Court exercises its discretion to retroactively extend the time for service and declines to dismiss this action.

///
///
///

1    IT IS THEREFORE ORDERED that Defendants' motions to dismiss (ECF Nos. 10 and 12) are DENIED.

DATED THIS 7th Day of July 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE