Christopher R. Miltenberger, Esq.
Nevada Bar No. 10153
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: miltenbergerc@gtlaw.com

Jeffrey P. Dunning, Esq.
*Admitted pro hac vice*
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone:  (312) 456-8400
Facsimile:  (312) 456-8435
Email: dunningj@gtlaw.com

*Attorneys for Defendant Caesars Entertainment Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MOEBIUS,<br><br>Plaintiff,<br><br>vs.<br><br>TONY CARNEVALE; DESERT ART, LLC d/b/a CARNEVALE GALLERY; CAESARS ENTERTAINMENT, INC; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00970-ART-VCF<br><br>**MOTION FOR LEAVE TO FILE UNDER SEAL THE DECLARATION OF TONIA CHAFETZ IN SUPPORT OF DEFENDANT CAESARS ENTERTAINMENT, INC.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 AND EXHIBIT A ATTACHED THERETO** |

Pursuant to LR-IA 10-5, Defendant Caesars Entertainment, Inc. ("Caesars Entertainment"), by and through its counsel, the law firm of Greenberg Traurig, LLP, hereby submits this Motion for Leave to File Under Seal the Declaration of Tonia Chafetz in Support of Defendant Caesars Entertainment, Inc.'s Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Exhibit A Attached Thereto [ECF No. 32] (the "Motion").

ACTIVE 681222643v3

This Motion is made and based upon the papers and pleadings on file herein, the attached memorandum of points and authorities, and any oral argument the Court may permit at any hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND RELEVANT FACTS

This case relates to a single claim of copyright infringement asserted by Plaintiff Michael Moebius ("Plaintiff") against Defendants Tony Carnevale ("Carnevale"), Desert Art, LLC d/b/a Carnevale Gallery ("Carnevale Gallery," together with Carnevale, the "Carnevale Defendants"), and Caesars Entertainment, Inc. ("Caesars Entertainment"). Plaintiff alleges that he had previously entered into a consignment agreement with the Carnevale Gallery relating to the display and sale of Plaintiff's artwork in Carnevale Gallery's retail store, then located within Caesars Palace Las Vegas. Plaintiff alleges that the Carnevale Defendants improperly displayed a single counterfeit version of one of Plaintiff's copyrighted artworks after the termination of the parties' consignment agreement, and in so doing infringed Plaintiff's copyright.

As set forth in the related Motion for Summary Judgment, Caesars Entertainment was not a party to the consignment agreement. Nor was Caesars Entertainment a party to the Revocable License Agreement governing the relationship between the Carnevale Defendants and their landlord, Desert Palace, LLC ("Desert Palace"), the company which controls and manages the operation of Caesars Palace. Nonetheless, Plaintiff has alleged that Caesars Entertainment should be held vicariously liable for copyright infringement allegedly committed by its subsidiary's tenant.

Plaintiff's argument fails as a matter of law, and the information contained in the Revocable License Agreement between Desert Palace and an entity affiliated with the Carnevale Defendants is relevant to the Court's analysis of these legal positions. However, the Revocable License Agreement and the foundational declaration relating to that agreement reflect highly sensitive, confidential, proprietary business information concerning Desert Palace's business practices that could harm its competitive standing in the marketplace if revealed to the public. Accordingly,

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Caesars Entertainment seeks to file the Revocable License Agreement and the related declaration under seal to protect this confidential business information.

## II.     LEGAL ARGUMENT

Although there is a strong presumption of public access to judicial records utilized in a dispositive motion, public access to such records "is not absolute." *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Courts may allow sealing of a party's confidential, non-public information when "compelling reasons" for non-disclosure outweigh those favoring public access. *Id.* at 1179. Compelling reasons may exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). In deciding the degree of protection required, courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), quoting *Nixon*, 435 U.S. at 602; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (interpreting FRCP 26(a) as conferring "broad discretion" upon trial courts in deciding "when a protective order is appropriate and what degree of protection is required").

Other courts have noted the importance of allowing corporate entities to file sensitive records and information under seal in order to protect legitimate business interests. "Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys. Inc. Secs. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (citing

ACTIVE 681222643v3

1  *Johnson Controls, Inc. v. Phoenix Control Sys.*, 886 F.2d 1173, 1176 (9th Cir. 1989) and *Henry Hope X-Ray Prods. Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1342 (9th Cir. 1982)). In short, "courts have refused to permit their files to serve…as sources of business information that might harm a litigant's competitive standing." *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) (internal quotations and citations omitted). *See also In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) ("[T]he common-law right of inspection has bowed before the power of a court to ensure that its records are not used…as sources of business information that might harm a litigant's competitive standing.") (quoting *Nixon*, 435 U.S. at 598.).

Here, the Declaration of Tonia Chafetz and the Revocable License Agreement attached thereto as Exhibit A each contain a recitation of confidential business terms and information. Specifically, the declaration and Revocable License Agreement reflect specific license rates, terms, and conditions that were negotiated at arm's length between Desert Palace and an affiliate of the Carnevale Defendants. Desert Palace maintains the terms, conditions, and rates set forth in its license and lease agreements with third parties confidential and protects such information by including confidentiality provisions within the agreements themselves. The Revocable License Agreement contains such a confidentiality provision contemplating that all information relating to Desert Palace and its business, which would include the information contained in the license itself, would be kept confidential by the licensee. If this sensitive information was filed publicly, it could be used to Desert Palace's, and Caesars Entertainment's, competitive disadvantage as third parties could use such terms in their lease negotiations adverse to Desert Palace and Caesars Entertainment, and Desert Palace's and Caesars Entertainment's competitors could access such information and use it to unfairly compete for tenants and licensees. As the public disclosure of this information "might harm [Caesars Entertainment's] competitive standing[]," filing of the declaration and Revocable License Agreement under seal is appropriate.

///

ACTIVE 681222643v3

### III. CONCLUSION

Based on the reasons set forth herein, Caesars Entertainment respectfully requests that the Court permit it to file the Declaration of Tonia Chafetz and the Revocable License Agreement attached thereto as Exhibit A under seal in their entirety. Pursuant to LR IA 10-5(a), Caesars Entertainment further respectfully requests that the documents remain sealed until the Court's determination on this Motion.

DATED this 4th day of August, 2022.

GREENBERG TRAURIG, LLP

/s/ Christopher R. Miltenberger
Christopher R. Miltenberger, Esq.
Nevada Bar No. 10153
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

Jeffrey P. Dunning, Esq.
*Admitted pro hac vice*
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

*Attorneys for Defendant Caesars Entertainment, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that a copy of the foregoing ***Motion for Leave to File Under Seal the Declaration of Tonia Chafetz in Support of Defendant Caesars Entertainment, Inc.'s Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Exhibit A Attached Thereto*** was filed electronically via the Court's CM/ECF system. Notice of Filing will be served on all parties by operation of the Court's CM/ECF system.

Dated this 4th day of August, 2022.

          */s/ Andrea Lee Rosehill*
          An employee of Greenberg Traurig, LLP

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

*ACTIVE 681222643v3*