1  Matthew K. Higbee, Esq., SBN 11158
   **HIGBEE & ASSOCIATES**
2  3110 W. Cheyenne Ave., #200
   North Las Vegas, NV 89032
3  (714) 617-8373
   (714) 597-6729 facsimile
4  Email: mhibgee@higbeeassociates.com

5  *Attorneys for Plaintiff Michael Moebius*

6  Christopher R. Miltenberger, Esq. SBN 10153
   **GREENBERG TRAURIG, LLP**
7  10845 Griffith Peak Drive, Suite 600
   Las Vegas, NV 89135
8  (702) 792-3773
   (702) 792-9002 facsimile
9  Email: miltenbergerc@gtlaw.com

10 Jeffrey P. Dunning, Esq. (admitted *pro hac vice*)
   **GREENBERG TRAURIG, LLP**
11 77 West Wacker Drive, Suite 3100
   Chicago, IL 60601
12 (312) 456-8400
   (312) 456-8435
13 Email: dunningj@gtlaw.com

14 *Attorneys for Caesars Entertainment Inc.*

15 Tony Carnevale (*in proper person*)
   3750 S. Las Vegas Blvd., #20
16 Las Vegas, NV 89109
   (702) 812-2706
17 Email: carnevalegallery@gmail.com

18                    **UNITED STATES DISTRICT COURT**

19                          **DISTRICT OF NEVADA**

20

21 | MICHAEL MOEBIUS,                    | Case No. 2:21-cv-00970-RFB-VCF |

22 | Plaintiff,                           | **STIPULATED PROTECTIVE ORDER** |

23 | v.                                   |

24 | TONY CARNEVALE; DESERT ART, LLC d/b/a
   | CARNEVALE GALLERY; CAESARS
25 | ENERTATINMENT, INC.; and DOES 1 through
   | 10 inclusive,

26 | Defendants.

27

28

                                    1

The undersigned parties to this Stipulated Protective Order (the "Protective Order") hereby stipulate and agree to the treatment of certain information exchanged in connection with the above-captioned action (the "Action") as follows:

**1.      Designated Materials.**

(a)     A party or nonparty may designate as "CONFIDENTIAL," in whole or in part, any document, thing, or information which is to be disclosed or produced to, or served on a party in this Action (collectively "material") which the producing party or nonparty believes in good faith contains confidential, proprietary, or sensitive information such that disclosure to persons other than those authorized under paragraph 8 below would cause financial harm or embarrassment or be damaging to the reputation of the party or nonparty making the designation. The marking shall state "CONFIDENTIAL" along with a designation, *e.g.*, bates number prefix, of the identity of the designating party or nonparty.

(b)     A party or nonparty may designate as "HIGHLY CONFIDENTIAL," in whole or in part, any material which contains highly confidential information, such as trade secrets, that the producing party or nonparty believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized under paragraph 7 below would have the effect of causing harm to the competitive business or commercial position of the party or nonparty making the designation. The party or nonparty making the designation of "HIGHLY CONFIDENTIAL" bears the burden of showing that the material so designated could not be reasonably protected through the CONFIDENTIAL designation. The marking shall state "HIGHLY CONFIDENTIAL" along with a designation, *e.g.*, bates number prefix, of the identity of the party or nonparty making the designation.

(c)     The designations described in subparagraphs (a) and (b) above shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate legend. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.  If any material produced in a non-paper medium is printed out by the receiving party, the receiving party must mark each page of the printed version with the appropriate designation if the

printed version is not already marked. The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this Action for any purpose.

(d) Material is not properly designated CONFIDENTIAL or HIGHLY CONFIDENTIAL subject to this Protective Order if: (i) the parties agree, or the Court rules, it is in the public domain; (ii) the parties agree, or the Court rules, it has become part of the public domain by publication or by other means, except by an unauthorized act or omission on the part of the receiving party; (iii) it is supplied to the receiving party by a nonparty who is under no obligation to maintain such material in confidence; and/or (iv) it is or becomes known to the receiving party without any breach of this or any other Protective Order or other confidentiality obligation.

(e) The parties will use reasonable care to avoid designating any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL which is not entitled to such designation or which is generally available to the public.

**2. Material Produced for Inspection.** Where discovery is provided by allowing access to the material for inspection instead of delivering copies, the material being inspected shall be deemed HIGHLY CONFIDENTIAL until the party allowing access indicates otherwise in writing or delivers copies to the party seeking discovery with no HIGHLY CONFIDENTIAL designation. If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, systems, data, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL, that party shall advise in advance the party seeking such discovery that the inspection, measuring, testing, sampling, or photographing shall be permitted only on a restricted basis, and that the materials discovered, and any information derived from that materials, shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL accordingly.

**3. Persons Permitted In Depositions.** If during the course of a deposition taken in this Action any questions are to be asked or any answers are to be given regarding (a) HIGHLY CONFIDENTIAL material, then only persons designated in paragraph 7 below (and the deponent's counsel in the case of a separately represented nonparty); or (b) CONFIDENTIAL material, then only persons designated in paragraph 8 below (and the deponent's counsel in the case of a separately

represented nonparty) shall be allowed to be present during such portion of the deposition. This paragraph 3 shall not be deemed to authorize disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material to any person to whom disclosure is prohibited under this Protective Order. It shall be the obligation of the party or nonparty producing the CONFIDENTIAL or HIGHLY CONFIDENTIAL material to invoke this provision.

**4.    Designation of Deposition Transcripts.**  With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this Action, such party, nonparty, or other person may at the deposition designate the deposition or a portion thereof as CONFIDENTIAL or HIGHLY CONFIDENTIAL and request the reporter to insert a statement regarding the designation into the deposition transcript identifying the specific portion of the transcript that has been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. If any such designation is made, any portions of the transcript so designated shall only be provided to those persons who are entitled to have access to HIGHLY CONFIDENTIAL or CONFIDENTIAL material as set forth in paragraphs 7 and 8 below for thirty (30) calendar days following the receipt of the deposition transcript. Within thirty (30) calendar days (or the next following business day in the event the 30th day is not a business day) after receipt of the deposition transcript a party designating a portion of a transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall inform the other parties, in writing by page and line number, that portions of the transcript are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. Upon being informed that certain portions of a deposition transcript are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

**5.    Limits on Use of Designated Materials.**  All materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided herein shall not be used by any receiving party or disclosed to anyone for any purpose other than in connection with the Action and shall not be disclosed by the receiving party to anyone other than those persons who are entitled to have access to such material pursuant to paragraph 7 or paragraph 8 below, unless and until the restrictions herein are removed by an order of the Court or by written agreement of the parties (and producing nonparty,

as applicable). Nothing in this Protective Order shall bar or otherwise restrict a producing party or nonparty from having access to or using, without notification of any other party or nonparty, CONFIDENTIAL or HIGHLY CONFIDENTIAL material that the producing party or nonparty has produced in this Action. Where, pursuant to paragraph 1(e) above, a receiving party designates material CONFIDENTIAL or HIGHLY CONFIDENTIAL solely because it contains the confidential information of a producing party or nonparty (for example, in a pleading or brief), nothing limits the producing party or nonparty from disclosing such material to anyone.

**6.     Objecting to Designations and Resolution of Disputes.** Nothing in this Protective Order shall be construed to prevent any party to this Action from opposing the designation of materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL as follows:

(a)     A receiving party opposing the designation of materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall serve a written objection, including a statement of the grounds for the objection, on the producing party or nonparty. The producing party or nonparty will have a reasonable period, not exceeding five (5) court days following the receipt of the objection to (1) advise the receiving party whether or not the producing party or nonparty persists in such designation; and (2) if the producing party or nonparty persists in the designation, to explain the reasons for the particular designation. If the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is not withdrawn, or if the producing party or nonparty has failed to respond, the receiving party, after advising the producing party or nonparty and conducting a meet and confer with the producing party or nonparty as required by LR 26-6(c), may move the Court (or request leave to move the Court if so required by Court rule) within ten (10) court days of the meet and confer for an order removing or replacing the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.  On such a motion, it shall be the burden of the producing party or nonparty to prove that the material was properly designated. If a receiving party does not make a timely motion or request, its objection is deemed withdrawn.  Until a ruling from the Court, disputed material is presumed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL, as designated, and shall be treated in accordance with the terms and conditions of this Protective Order.

(b)     The designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL may also be challenged under this paragraph 6 if any of the events described in paragraph l(d) above has come to pass.  It shall be the burden of the receiving party to establish that one or more of the events described in paragraph 1(d) above has come to pass.

(c)     In the event that the producing party or nonparty alleges that the receiving party's use of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL violated the terms and conditions of this Protective Order, the producing party or nonparty shall have the burden of showing that the receiving party had received material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and used it in violation of the terms and conditions of this Protective Order.

(d)     The failure of the receiving party to object to the confidentiality designation of any material under this Protective Order at the time of production shall not be deemed a waiver of the receiving party's right to object to such designation at any time thereafter except as expressly set forth herein.

**7.     Access to HIGHLY CONFIDENTIAL Material.** Access to material designated HIGHLY CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum, discovery document or other paper that contains, reveals or refers to material so designated, shall be limited to:

(a)     (i) Outside counsel of record for the parties, including the partners, counsel, and associates of outside counsel's law firm who assist outside counsel in this Action, and (ii) other outside counsel for the parties if such other outside counsel has completed and executed a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A (the "Notice of Adherence") and served a copy of such executed Notice of Adherence on all parties (the original of which is to be retained by counsel);

(b)     The employees of such outside counsel of record or other outside counsel (including secretaries, paralegals, clerks, and claims specialists) actually assisting such counsel in connection with this Action; provided, however, that such employees have access to material designated HIGHLY CONFIDENTIAL, only to the extent necessary to perform their duties, and are informed that the material may not be disclosed or used except as provided in this Protective Order;

     (c)     Independent copy and litigation support services solely for purposes of making copies, preparing exhibits, or otherwise assisting in the preparation of discovery or trial materials for use in this Action;

     (d)     Consultants or expert witnesses (together with their support staff) retained by a party in connection with the prosecution or defense of this litigation, provided that such expert or consultant is not a current employee of a direct competitor of a party named in this action, who completes the Notice of Adherence and returns such to counsel for the party seeking to provide access to such consultant or expert witness contemplated by this Section.  Copies of such completed Notices of Adherence shall be maintained by counsel for the party retaining the consultant or expert witness while this action is pending and will only be required to be disclosed to the other parties upon good cause shown and upon order of the Court.

     (e)     Mock jurors and jury consultants retained to assist counsel of record in this Action who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

     (i)     For any jury research, an appropriate screening must be used to ensure that the mock jurors or jury consultants chosen for any mock jury are not current or former officers, directors, employees, contractors, or consultants of any party or direct competitors of any party;

     (ii)     Each mock juror or jury consultant must agree to be bound by the terms and conditions of this Protective Order and must complete and execute the Notice of Adherence.  Counsel for the party retaining the mock jurors or jury consultants submit to outside counsel of record for the producing parties or nonparties a copy of a completed Notice(s) of Adherence for each mock juror or jury consultant and shall retain the original executed Notice of Adherence.

     (f)     Court reporters involved in transcribing depositions or other proceedings in this Action, and videographers involved in recording depositions, only to the extent necessary to perform their duties;

     (g)     The Court and any court of appellate jurisdiction;

     (h)     Court personnel involved with this Action;

(i) Witnesses who are deposed in this Action or who are called as witnesses at any hearing in this Action, but only in preparation for, or during, the deposition or hearing, and only under the following circumstances:

(i) Any witness may be shown, but shall not retain, HIGHLY CONFIDENTIAL material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

(ii) A current officer, director, or employee of a producing party or nonparty may be shown that party's or nonparty's HIGHLY CONFIDENTIAL material;

(iii) Any witness selected by a producing party or nonparty to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's or nonparty's HIGHLY CONFIDENTIAL material;

(iv) A former officer, director, or employee of a producing party may be shown that party's HIGHLY CONFIDENTIAL material if it appears from the face of the material that the witness previously had access to the material while employed by the producing party, provided that counsel making such disclosure shall inform the witness that the material may not be disclosed or used except as provided in this Protective Order; and

(j) Any person that already has or obtains legitimate possession.

(k) Nothing in this paragraph 7 shall otherwise prevent counsel of record from adequately communicating with their respective clients and keeping their clients informed as to the status and progress of this Action by referring generally to papers or pleadings, including briefs and declarations or affidavits filed with the Court, which contain or refer to HIGHLY CONFIDENTIAL material, so long as counsel does not disclose the specific contents of those HIGHLY CONFIDENTIAL material to individuals not authorized hereunder.

8. **Access to CONFIDENTIAL Material.** Access to material designated CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum, discovery document, or other paper that contains, reveals, or refers to material so designated, shall be limited to the persons and circumstances identified in paragraph 7 above and additionally:

(a) A party, or officers, directors, employees, and agents of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) The clerical employees of such officers, executives, directors, or managers (including secretaries, paralegals, clerks, and claims specialists) actually assisting in connection with this Action who have executed a Notice of Adherence; provided, however, that such employees have access to material designated CONFIDENTIAL only to the extent necessary to perform their duties and are informed that the material may not be disclosed or used except as provided in this Protective Order; and

(c) Nonparty experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this Action who have completed and executed a Notice of Adherence.

9. **Disclosure to Other Parties.** If counsel for any receiving party desires to give, show, make available, or communicate (a) any material designated HIGHLY CONFIDENTIAL to a person not authorized by paragraph 7 above to receive such material or (b) any material designated CONFIDENTIAL to a person not authorized by paragraph 8 above to receive such material, counsel for the receiving party must first submit to counsel for the producing party or nonparty a copy of a completed Notice of Adherence executed by the person seeking access, and disclose that person's name, a statement of that person's responsibilities that require access to such material, a specific identification of the material to which access is required by document identification number or other specific reference, and a brief statement as to why such access is necessary. The producing party or nonparty shall have five (5) days after receiving the above-described information to object in writing to such disclosure. Pending resolution of any disagreement concerning disclosure, no disclosure shall be made to such person. If the producing party or nonparty refuses consent, the producing party or nonparty and the receiving party shall confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the receiving party desiring to disclose the CONFIDENTIAL material may petition the Court for an order granting disclosure.

10. **Maintenance of Designated Materials.** Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be maintained in the custody of counsel for the parties except that:

(a) any court reporter who transcribes testimony given in this Action may maintain any such designated material for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of the designated materials may be retained by persons entitled to access of such material under the terms and conditions of this Protective Order to the extent necessary for their study, preparation, and analysis of the Action. Each recipient of materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall maintain such materials in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use, and dissemination of such materials as is exercised by the recipient with respect to its own such material.

11. **Copies and Translations.**  Nothing herein shall restrict a receiving party from making working copies, abstracts, digests, and analyses of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL for use in connection with this Action, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms and conditions of this Protective Order. Further, nothing herein shall restrict a receiving party from converting or translating such material into machine-readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to such material in whatever form stored or reproduced, shall be limited to the receiving party and its authorized representatives or employees as set forth in this Protective Order.

12. **Pleadings and Other Court Papers.**  Any CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is filed with the Court for any purpose shall be filed under seal. Any party seeking to file any CONFIDENTIAL or HIGHLY CONFIDENTIAL material under seal shall seek leave of the Court, in accordance with the Court's local rules, ECF Privacy Policy, and the assigned judges' individual practices.

13. **Final Disposition of Materials.**  Unless counsel agree otherwise in writing, within sixty (60) days of final termination of this Action including any appeals, all CONFIDENTIAL or HIGHLY CONFIDENTIAL material that has been produced, served, or otherwise made available during the course of this Action, together with all reproductions, copies (including copies provided by a receiving party to any other person), abstracts, indices, or summaries of those materials, shall be destroyed or delivered to counsel for the producing party or nonparty, except that (a) if those materials

are the subject of a valid discovery request in another action, the receiving party may retain those materials in order to comply with the discovery request; and (b) outside counsel of record for each party may retain a complete set of their files for this Action, including all pleadings, depositions, deposition exhibits, deposition evaluations, expert reports including exhibits, discovery responses, correspondence, abstracts, summaries, and other attorney work product. Such file copies must be maintained under the conditions of HIGHLY CONFIDENTIAL material.  At the conclusion of this sixty (60) day period, any person designated under paragraph 8(a) above shall represent in writing under penalty of perjury that to his or her knowledge and belief the company has either returned or destroyed all designated materials in accordance with this Protective Order. Material provided to the Court designated either CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be destroyed or returned to its producing party or nonparty within sixty (60) days from the final termination of this Action including any appeals, but any action by this Court in this regard must be preceded by an *ex parte* motion for an order authorizing the return of all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL material to its producing party or nonparty or the destruction thereof.

14.    **Inadvertent Failure to Designate.**  Production of any material without a designation or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party or nonparty from designating said material CONFIDENTIAL or HIGHLY CONFIDENTIAL. Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level.  Following any redesignation of materials, the party receiving such materials shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies of, excerpts of, and notes related to any redesignated materials from persons not entitled to receive them. Disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL material to persons not authorized to receive that material prior to receipt of the redesignation shall not be deemed a violation of this Protective Order. In the event distribution has occurred to a person not under the control of a receiving party, a request for return of the material, and for an undertaking of confidentiality, shall be made in writing.  In the event the request is not agreed to in writing within five (5) court days, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act,

the receiving party shall promptly notify the producing party or nonparty of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

15. **Improper Disclosure.** If materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL are disclosed to any person other than in the manner authorized by this Protective Order, the receiving party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party or nonparty, and without prejudice to the rights and remedies of the producing party or nonparty, make every effort to retrieve the improperly disclosed materials and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such materials.

16. **Privileged and Irrelevant Materials.** Nothing in this Protective Order shall be construed as requiring disclosure by the producing party or nonparty of material subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Materials"), or materials which are otherwise irrelevant and/or beyond the scope of permissible discovery, and all objections on such grounds are expressly reserved.

17. **Inadvertent Disclosure of Privileged Materials.** The inadvertent disclosure of Privileged Materials shall not be deemed a waiver in whole or in part of a party's or nonparty's claim of privilege or other immunity, either as to the specific material disclosed or as to any other material relating thereto. If a party or nonparty has inadvertently produced material subject to a claim of privilege or other immunity, the receiving party, upon request, shall return or destroy the inadvertently produced Privileged Materials within five (5) court days of the request, and all copies of the Privileged Materials that may have been made and any notes regarding the Privileged Material shall be destroyed. The party returning such material may move the Court (or request leave to move the Court) for an order compelling production of such material including on the grounds that such production was not inadvertent or unintentional. However, the inadvertent production of Privileged Materials cannot be a basis for seeking production.

18. **Additional Relief.** Nothing in this Protective Order shall be construed to prevent a party or nonparty from seeking additional relief, including such further provisions regarding

confidentiality as may be appropriate.

**19.    No Waiver of Objections to Admissibility.** Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials, and all such objections are expressly reserved.

**20.    Advice to Client.** Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose the contents of HIGHLY CONFIDENTIAL material and shall only disclose CONFIDENTIAL material to those client representatives authorized to access such materials in accordance with paragraph 8 above.

**21.    Continuing Obligations.** This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this Action, unless otherwise ordered by the Court. The Court retains jurisdiction indefinitely over the parties, and any person provided access to materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms and conditions of this Protective Order, with respect to any dispute over the improper use of materials so designated and with respect to any orders permitting materials to be filed and maintained under seal. The producing parties and nonparties reserve all rights to apply to the Court at any time, before or after termination of this Action, for an order: (a) modifying this Protective Order, (b) seeking further protection against discovery or use of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, or (c) seeking further production, discovery, disclosure, or use of claimed CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

**23.    Trial and Hearings.** The restrictions, if any, which will govern the use of CONFIDENTIAL or HIGHLY CONFIDENTIAL material at trial or in hearings shall be determined at a later date by the parties in consultation with the Court.

///

**24.** **Miscellaneous Provisions.**

(a) Transmission by facsimile, e-mail, or other electronic means is acceptable for all notification purposes herein.

(b) This Protective Order may only be modified by written agreement of the parties, subject to approval by the Court, without prejudice to the rights of any party or nonparty to move for relief from any of its provisions.

(c) The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

(d) Without separate Court order, this Protective Order and the parties' stipulation thereto does not change, amend, or circumvent any Court rule, local rule, or individual practice.

Dated this 18th day of November 2022.

**HIGBEE & ASSOCIATES**

/s/ Matthew K. Higbee
Matthew K. Higbee, Esq., SBN 11158
3110 W. Cheyenne Ave., #200
*Attorneys for Plaintiff Michael Moebius*

Dated this 18th day of November 2022.

/s/ Tony Carnevale
Tony Carnevale, *in proper person*

Dated this 18th day of November 2022.

**GREENBERG TAURIG, LLP**

/s/ Christopher R. Miltenberger
Christopher R. Miltenberger, Esq. SBN 10153
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

Jeffrey P. Dunning, Esq. (*pro hac vice*)
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

*Attorneys for Caesars Entertainment Inc.*

IT IS SO ORDERED

_____
Hon. Magistrate Judge Cam Ferenbach

Dated: 11-18-2022

**EXHIBIT A – Notice of Adherence to Stipulated Protective Order**

I, _____, declare and say that:

1. I, _____, live at _____.

2. I am employed as _____.

3. I have read the Stipulated Protective Order (the "Protective Order") entered in *Moebius v. Carnevale et al.*, the ("Action"), and a copy of the Protective Order has been given to me.

4. I agree to be bound by the terms of the Protective Order and agree that any material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of the Protective Order shall be used by me only to assist outside litigation counsel in connection with the Action.

5. I agree that I will not disclose or discuss material designated HIGHLY CONFIDENTIAL with anyone other than the persons described in paragraph 7 of the Protective Order.

6. I agree that I will not disclose or discuss material designated CONFIDENTIAL with anyone other than the persons described in paragraph 8 of the Protective Order.

7. I understand that any disclosure or use of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL in any manner contrary to the terms of the Protective Order may subject me to sanctions, including for contempt of the Protective Order.

8. I understand and agree that within sixty (60) days of the final disposition of this Action, whether by judgment, settlement, or otherwise, including appeals, I shall either destroy or deliver to counsel for the producing party or nonparty all CONFIDENTIAL or HIGHLY CONFIDENTIAL material and all copies made thereof (including summaries, excerpts and work product that includes information obtained from any received CONFIDENTIAL or HIGHLY CONFIDENTIAL material).

///

1  9. I agree to be subject *in personam* to the jurisdiction of the U.S. District Court in which this Action shall be conducted in connection with any proceeding related to the enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me this ____ day of _____, 202__ at _____.

_____