UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MOEBIUS,<br><br>                Plaintiff,<br>    v.<br>TONY CARNEVALE, *et al.*,<br><br>                Defendants. | Case No. 2:21-cv-00970-ART-MDC<br><br>ORDER |

      This is a copyright infringement case brought by Michael Moebius, an artist famous for his depictions of celebrities blowing bubblegum, against Tony Carnevale and Desert Art, LLC, joint owners of the now-defunct Carnevale Gallery in Las Vegas. Moebius alleges that Carnevale and Desert Art attempted to sell a counterfeit piece by Moebius which depicts Audrey Hepburn blowing bubblegum.

      Between October 2022 and August 2023, Desert Sand and Carnevale were twice ordered to retain counsel and twice failed to do so. (ECF Nos. 43, 52, 61, 75.) Because of this failure, and in response to a motion by Moebius, (ECF No. 73), Magistrate Judge Cam Ferenbach ordered the Clerk of Court to enter default against Desert Art. (ECF No. 75.) Judge Ferenbach appears to have reasoned that default was appropriate against Desert Art but not Carnevale because Desert Art is a business entity organized under the laws of Nevada and must be represented by an attorney, while Mr. Carnevale is able to represent himself *pro se*. *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("corporations and other unincorporated associations must appear in court through an attorney.")

      Before the Court is Mr. Moebius's objection to Judge Ferenbach's order, in which he argues that Judge Ferenbach erred by failing to enter default against Mr. Carnevale. (ECF No. 77.)

      "A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City of San Francisco*, 951

1  F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A));
2  *see also* LR IB 3-1(a). Entry of default is non-dispositive. *Haw. Carpenters' Trust*
3  *Funds v. Stone,* 794 F.2d 508, 512 (9th Cir.1986) (entry of default is not a final
4  appealable order); *U.S. v. $23,000 in U.S. Currency,* 356 F.3d 157, 163 (1st Cir.
5  2004) (entry of default under Rule 55(a), as opposed to entry of default judgment
6  under Rule 55(b), is non-dispositive); *Price Simms Holdings, LLC v. Candle3, LLC,*
7  No. 2:18-cv-1851-WBS-KJN, 2020 WL 4227480, at *3 (E.D. Cal. Jul 23, 2020)
8  ("entry of default is non-dispositive"). A finding of fact is clearly erroneous when
9  the reviewing judge is "'left with the definite and firm conviction that a mistake
10 has been committed.'" *Easley v. Cromartie,* 532 U.S. 234, 242 (2001) (quoting
11 *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). In reaching
12 this decision, "[a] reviewing court may not simply substitute its judgement for
13 that of the deciding court." *Grimes,* 951 F.2d at 241.

14        Federal Rule of Civil Procedure 55(a) provides that "when a party against
15 whom a judgment for affirmative relief is sought has failed to plead or otherwise
16 defend, and that failure is shown by affidavit or otherwise, the clerk must enter
17 the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Despite 55(a)'s strong
18 language, courts have some discretion in determining whether a party's actions
19 constitute a failure to "otherwise defend." *See* 10A Charles Alan Wright & Arthur
20 R. Miller, *Federal Practice and Procedure* § 2682 (4th ed. 2024) ("Of course, the
21 court has discretion to grant additional time to a party to plead or otherwise
22 defend."). While some courts have held that a failure to obtain counsel in violation
23 of a court order can represent a failure to "otherwise defend," the Court is aware
24 of no authority indicating that such a failure constitutes a failure per se. *Cf. U.S.*
25 *v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding
26 that entry of default judgment against corporation for failure to comply with court
27 order to obtain counsel was "perfectly appropriate").

28        Here, Judge Ferenbach reasoned that default was appropriate against

1    Desert Art because Desert Art was legally obligated to obtain counsel and spent
2    nearly a year without counsel, in violation of two court orders. *D-Beam Ltd.*
3    *Partnership*, 366 F.3d at 973-74. Judge Ferenbach further reasoned that default
4    was not yet appropriate against Mr. Carnevale because Mr. Carnevale can defend
5    himself *pro se*. (*See* ECF No. 65 at 3-4.) While Mr. Carnevale has failed to notify
6    the Court of his intention to proceed *pro se*, (*see* ECF No. 65 at 3-4 (ordering Mr.
7    Carnivale to notify the Court of his intention), it was not clear error to determine
8    that this failure did not yet rise to the level of a failure to "otherwise defend."

        The Court notes its concern that Mr. Carnevale may have abandoned this case. He has failed to respond to motions deadlines, (*see, e.g.*, ECF Nos. 65, 77), and he appears to have abandoned the address on file with the Court without providing a forwarding address (ECF No. 78). The Court will give Mr. Carnevale one last chance to demonstrate his desire to defend himself against Mr. Moebius's claims.

        It is therefore ordered that Plaintiff Michael Moebius's objection (ECF No. 77) to Judge Ferenbach's order (ECF No. 75) is overruled.

        It is further ordered that Mr. Carnevale shall have 21 days from the date of this order to notify the Court that he intends to defend against this case, either with legal representation or on a *pro se* basis. If Mr. Carnevale fails to comply with this order, Mr. Moebius may submit an affidavit or other document demonstrating Mr. Carnevale's failure, at which point the Court will order the entry of default against Mr. Carnevale.

        Dated this 1st day of July 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE